**Kenneth W. VINEYARD, Plaintiff,**

v.

**Ruth MASSEY, Claims Representative, Department of Health, Education and Welfare, Social Security Administration, Defendants.**

No. 80–4174–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

Jan. 5, 1984.

**4**

Mark Bluhm, Gage & Tucker, Kansas City, Mo., for plaintiff.

Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for defendants.

### ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff in this action is confined in a penal institution in the State of Missouri. Plaintiff alleges that his Supplemental Security Income (SSI) benefits were improp-

erly terminated. The issue in this case is whether Congress constitutionally may decline to grant Supplemental Security Income benefits to an otherwise eligible individual because he resides in a public institution which does not receive medicaid funds. Plaintiff seeks retroactive restoration of his SSI benefits, reasonable counsel fees, and court costs. Plaintiff was capably represented in this action by a court-appointed attorney. Defendants have moved for summary judgment and, for the reasons which follow, their motion will be granted.

On July 18, 1979, the Social Security Administration determined that plaintiff was eligible for SSI benefits. Marie Wilson, plaintiff's mother, applied to be and was appointed plaintiff's representative payee. On April 23, 1980, plaintiff was confined in the Missouri State Penitentiary. The Social Security Administration sent notice to Marie Wilson on May 13, 1980, that plaintiff's SSI benefits had been terminated because he was residing in a state-run institution. Plaintiff alleges that the defendants' termination of his SSI benefits on the basis of his residence violates the equal protection guarantee of the due process clause of the Fifth Amendment.[1]

■ The SSI program provides a subsistence allowance to needy aged, blind, and disabled persons. 42 U.S.C. § 1381 *et seq.* The program excludes from coverage individuals who are inmates of a public institution, 42 U.S.C. § 1382(e)(1)(A), unless the institution receives Medicaid payments. 42 U.S.C. § 1382(e)(1)(B). Individuals who reside in an institution which receives Medicaid benefits are eligible for a reduced amount of SSI benefits (not exceeding $300 per year).

This case is governed by the Supreme Court's decision in *Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). In *Wilson* individuals confined in state mental hospitals challenged the same statute which plaintiff asserts violates his

---

1. Plaintiff does not dispute that he is presently confined in a public institution as defined in 42 U.S.C. § 1382(e)(1)(A), 42 U.S.C. § 1382(e)(1)(C) and 20 C.F.R. § 416.231(b).

constitutional rights. The only difference between *Wilson* and this case is that the plaintiffs in *Wilson* resided in state mental institutions rather than a state penal institution. In *Wilson*, the Supreme Court ruled that the statute at issue distinguished between "residents in public institutions receiving Medicaid funds for their care and residents in such institutions not receiving Medicaid funds." *Id.* at 233–34, 101 S.Ct. at 1082. Accordingly, the Court then employed a rational basis test and determined that the statute was constitutional. The Court found that the adoption of the Medicaid standard was intentional and "rationally related to the legitimate legislative desire to avoid spending federal resources on behalf of individuals whose care and treatment are being fully provided for by state and local government units." *Id.* at 237, 101 S.Ct. at 1084, *quoting,* Brief for Appellant 27–28. The Court further stated, "Congress rationally may elect to shoulder only part of the burden of supplying [a small monthly stipend to eligible individuals], and may rationally limit the grant to Medicaid recipients, for whose care the Federal Government already has assumed the major portion of the expense." *Id.* Whether a state actually provides an equivalent monthly stipend is not relevant in determining the constitutionality of the statute. *Id.* at n. 20.

Plaintiff asserts that 42 U.S.C. § 1382(e) treats similarly situated needy persons differently on the sole basis of their residence and that such classification is irrational. The statute, however, as the Supreme Court held, distinguishes between individuals for whom the States have primary responsibility and those for whom the Federal Government has assumed primary responsibility under the Medicaid program. The plaintiff has failed to distinguish this case from *Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). Plaintiff's equal protection claim is without merit.

■ Plaintiff also has alleged that the Social Security Administration violated his due process rights by failing to personally notify him of the termination of his SSI benefits and of his right to appeal that termination. Notice of plaintiff's termination was sent to his representative payee. Plaintiff requests retroactive restoration of his SSI benefits, attorney fees, and court costs for violation of his procedural due process rights. Assuming *arguendo* that plaintiff's procedural due process rights were violated, under the facts of this case, he is not entitled to the relief requested. Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment is granted.